**\*AMENDED CLD-120**                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3438
_____

MICHAEL NELSON,
                          Appellant

v.

B.  DREHER, Security Captain; BACHERT, Security Lieutenant;
COBAIN, Security Lieutenant; MATREY, Security Lieutenant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:22-cv-01566)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 6, 2023
Before:  GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 31, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael Nelson, a Pennsylvania state prisoner, appeals pro se from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

In October 2022, Nelson filed a civil complaint in the United States District Court for the Western District of Pennsylvania, alleging a violation of his right to access the courts under the First and Fourteenth Amendments. He subsequently filed an amended complaint (which was later stricken from the record) and repeatedly requested appointment of counsel. On December 8, 2022, upon screening the complaint under 28 U.S.C. § 1915A, the District Court dismissed Nelson's complaint with prejudice, concluding that he failed to state a claim upon which relief may be granted and that amendment would be futile.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to § 1915A. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). Dismissal for failure to state a claim is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). We review the denial of Nelson's motion for appointment of counsel for abuse of discretion. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). We may summarily affirm if

2

Nelson's appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court correctly dismissed Nelson's complaint for failure to state a claim. Prisoners have a constitutional right of meaningful access to the courts. See Lewis v. Casey, 518 U.S. 343, 351 (1996). To state a cognizable access-to-courts claim, a plaintiff must allege: (1) an "actual injury" (i.e., a lost opportunity to pursue a nonfrivolous claim challenging his sentence or conditions of confinement); and (2) that there is no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). To establish actual injury, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id. at 205–06 (quoting Christopher v. Harbury, 536 U.S. 403, 416–17 (2002)).

Here, Nelson alleged that prison officials knowingly and illegally held a piece of his legal mail for 23 days. According to Nelson, because the mail contained court orders from his active civil case, Nelson v. Hauser, M.D. Pa. Civ. No. 4:22-cv-00686, Dkt Nos. 13 & 14, he had to file a motion in that case seeking to waive the requirement to file supporting briefs to several pending motions, id., Dkt No. 17.

Nelson's complaint fails because he has not alleged that the defendants' actions deprived him of the chance to pursue a challenge to his sentence or conditions of

3

confinement.[1]  As noted by the District Court, the mail in question consisted of two District Court orders which denied several of his motions *without prejudice*.  See id., Dkt Nos. 13 & 14.[2]  Nelson has failed to show that the defendants' alleged conduct caused any injury here, let alone that he "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim."  Monroe, 536 F.3d at 205.  Nelson's arguments on appeal do not alter this analysis.[3]  Notably, Nelson does not allege that having to file a motion to waive certain filing requirements hindered his pursuit of his action.

In these circumstances, we are satisfied that the District Court did not err by dismissing the complaint without granting leave to amend, see generally Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), and we discern no abuse of discretion in the District Court's decision to deny Nelson's motion for the appointment of counsel.  To the extent Nelson intended to raise a state law negligence claim, given his

---

[1] The District Court concluded that Nelson's allegations failed to state an access-to-courts claims, in part, because his allegations did not involve a direct or collateral challenge to a sentence or a conditions-of-confinement claim.  However, because Nelson's underlying lawsuit alleged Eighth Amendment claims based on deliberate indifference to serious medical needs, we disagree with the District Court's conclusion on this point.

[2] These District Court orders denied the following motions filed by Nelson: motion "for reimbursement," motion for "immediate discovery," motion for "Z-code and free cable," and motion for appointment of counsel.

[3] To the extent Nelson attempts to present new claims in his appellate filings, including a claim for retaliation as a result of the present suit, we will not consider a claim raised for the first time on appeal.  See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

failure to state a claim under federal law, we conclude that the District Court acted within its discretion in declining to exercise jurisdiction over his supplemental state law claim. See Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").

Accordingly, we will affirm the judgment of the District Court. Nelson's motions for appointment of counsel on appeal are denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).